Adam B. Nach – 013622
Joel F. Newell – 025296
**LANE & NACH, P.C.**
2001 E. Campbell Avenue, Suite 103
Phoenix, AZ 85016
Telephone No.: (602) 258-6000
Facsimile No.: (602) 258-6003
Email: adam.nach@lane-nach.com
Email: joel.newell@lane-nach.com

*Attorneys for Plaintiff, Lynton L. Kotzin of Kotzin Valuation Partners, Chapter 11 Liquidating Trustee*

**IN THE UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| In re:<br><br>MCCALLISTER PROPERTIES, LLC,<br><br>Debtor(s). | (Chapter 11 Case)<br><br>Case No. 2:12-bk-01288-GBN<br><br>Substantively Consolidated |
| LYNTON KOTZIN, by and through Kotzin Valuation Partners as Trustee of the Chapter 11 Liquidating Trust,<br><br>Plaintiff,<br><br>v.<br><br>JEFFREY A. TILLER AND JANE DOE TILLER, HERITAGE FINANCIAL MANAGEMENT SERVICES, LLC; MERIDIAN PROFESSIONAL SERVICES, LLC; UNIQUE AUTO SALON, LLC; UNIQUE AUTO SALES, LLC; UNIQUE LIFESTYLES, LLC; UNIQUE MODELS, INC.; UNIQUE MOTORSPORTS, LLC; UNIQUE RECORDS; POTOMAC ASSET MANAGEMENT, LLC; LEMONT & SHIELDS INVESTMENTS, LLC; HYDE PARK CAPITAL PARTNERS; Defendants John Does 1 – 10, Jane Does 1 – 10, Black Corporations 1 – 10, and White Partnerships 1- 10,<br>Defendants | *Adversary No. 2:14-ap-00073-GBN*<br><br>**SECOND AMENDED COMPLAINT FOR AVOIDANCE FRAUDULENT TRANSFERS** |

Lynton Kotzin by and through Kotzin Valuation Partners, Chapter 11 Liquidating Trustee and Plaintiff herein ("Trustee or Plaintiff"), by and through his attorneys undersigned, for his Complaint against Defendant(s) set forth herein, respectfully alleges as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 1334(b); 157(b); 11 U.S.C. §§ 544 and 548; and A.R.S. § 44-1001 et seq.

2. This adversary proceeding has been referred to this Court pursuant to 28 U.S.C. § 157(a).

3. This is a "core" proceeding as defined in 28 U.S.C. §§ 157(b)(2)(A)(E) and (H).

4. Venue is proper before this Court pursuant to 28 U.S.C. §1409(a).

5. Pursuant to Federal Rule of Bankruptcy Procedure 7001, a proceeding to recover money or property is governed by Part VII of the Federal Rules of Bankruptcy Procedure.

6. Plaintiff is permitted to commence this adversary proceeding on behalf of the Estate pursuant to Federal Rules of Bankruptcy Procedure, Rule 6009 and the Liquidating Trust Agreement dated on or about April 3, 2013.

## THE PARTIES

7. Plaintiff is the duly appointed and acting Chapter 11 Liquidating Trustee.

8. Upon information and belief, all acts referred herein occurred while Jeffrey A. Tiller resided in Arizona and were for the benefit of Jeffrey A. Tiller, ("Defendant Tiller"). Upon information and belief, Defendant Tiller was at all times pertinent hereto acting on behalf of his marital community.

9. Upon information and belief, the following are authorized to do business in Arizona and conducted business in Arizona, (collectively, "Defendants"): HERITAGE FINANCIAL MANAGEMENT SERVICES, LLC, a Delaware company; MERIDIAN PROFESSIONAL SERVICES, LLC, a Delaware company; UNIQUE AUTO SALON, LLC, an Arizona company; UNIQUE AUTO SALES, LLC, an Arizona company; UNIQUE LIFESTYLES, LLC, an unknown entity; UNIQUE MODELS, INC., a Delaware company; UNIQUE MOTORSPORTS, LLC, an unknown entity; UNIQUE RECORDS, a Delaware company; POTOMAC ASSET MANAGEMENT, LLC, a Delaware company; LEMONT & SHIELDS INVESTMENTS, LLC, a Delaware company; HYDE PARK CAPITAL PARTNERS, a Delaware company.

10. Defendants John Does 1 – 10, Jane Does 1 – 10, Black Corporations 1 – 10, and White Partnerships 1- 10, whether singular or plural, are fictitious names, designating an individual or individuals, masculine or feminine, and are legal entities unknown to Plaintiff whose true name

or names, Plaintiff prays may be added when discovered as if correctly named originally

11. All events complained of herein occurred in the District of Arizona.

## GENERAL ALLEGATIONS COMMON TO ALL COUNTS

12. Plaintiff hereby repeats, reiterates and realleges all of the foregoing allegations as if more fully set forth herein.

13. This case was commenced by ten (10) voluntary Petitions filed by McCallister Properties, LLC; Centrepointe Development-Global Vision Investment Fund Limited Partnership; Centrepointe Development Investment Fund GP, LLC; Centrepointe Development, LLC; Centrepointe Holdings, LLC; Centrepointe Development Lanesborough Asset Management Investment Fund Limited Partnership; Centrepointe Development Opportunity Fund Limited Partnership; Centrepointe Development – Carter Evans Investment Fund Limited Partnership; RNFI Unlimited, LLC; and RNFI Unlimited, LLC (herein after collectively referred to as "Debtor") under Chapter 11 of Title 11, United States Code, in the United States Bankruptcy Court for the District of Arizona on or about January 24, 2012 ("Petition Date").

14. Upon information and belief, the Debtor(s) were organized in either Arizona or Delaware.

15. Upon information and belief, with the exception of the RNFI Unlimited, LLC(s), Jeffrey Tiller was the sole owner of the Debtor upon each entity being created.

16. Upon information and belief, with the exception of the RNFI Unlimited, LLC(s), Jeffrey Tiller controlled the Debtor from approximately 2006 through 2010.

17. Upon information and belief, Ronald Frandsen was the sole owner and controlled the RNFI Unlimited LLC(s).

18. Upon information and belief, prior to the Petition Date, the Debtor was created as a holding company to invest in various real estate projects in Southwest United States.

19. Pre-Petition, the Debtor solicited approximately $32 million USD from approximately 150 investors primarily located in the United Kingdom.

20. Upon information and belief, most of the investors were induced to provide

monetary "investments" through the use of a private offering memorandum.

21. "Centrepointe Development – Global Vision Investment Fund Limited Partnership" ("CPD-GV") – raised funds through a Private Offering Memorandum ("POM") issued in its name. CPD-GV's purpose, as set forth in the POM, was to "invest in unimproved and improved commercial and residential properties or interests therein" (the "Investments") "located primarily in the Southwest." In accordance with the POM, limited partnership interests in CPD-GV were offered at a price of 25,000 British Pound Sterling (GBP) per unit.

22. Upon information and belief, on or about 2010, Jeffrey Tiller transferred all control of the Debtor to Ronald Frandsen.

23. Upon information and belief, on or about 2010, Jeffrey Tiller also transferred any and all assets of the Debtor to Ronald Frandsen.

24. Upon information and belief, Ronald Frandsen remained in control of the Debtors until the filing of the bankruptcy cases in early 2012, at which time it was discovered that most, if not all, of the Debtors' assets were missing, or were foreclosed upon.

25. On or about January 31, 2012, the Court entered an Order jointly administering the Debtors into the lead case *McCallister Properties, LLC*; Case No. 2:12-bk-01288-GBN.

26. On or about April 11, 2012, the Official Unsecured Creditor's Committee ("Committee") was formed in the prior lead Chapter 11 Case, *In re McCallister Properties, LLC*; Case No. 2:12-bk-01288-GBN.

27. On or about October 23, 2013, the Committee filed its proposed Chapter 11 Plan of Liquidation.

28. On or about February 7, 2013, the Court entered its Order confirming the Committee's Chapter 11 Plan of Liquidation.

29. On or about September 9, 2013, the Court entered an Order authorizing the substantive consolidation of the ten (10) Debtors into the prior lead case *In re McCallister Properties, LLC*; Case No. 2:12-bk-01288-GBN.

## COUNT ONE

### [AVOIDABLE TRANSFERS 11 U.S.C. §§ 548, 550, and 551]

30. Plaintiff hereby repeats, reiterates and realleges all of the foregoing allegations as if more fully set forth herein.

31. Upon information and belief, between January 24, 2010 and the Petition Date, the Debtor transferred not less than $2,000,000 to the Defendants:

>HERITAGE FINANCIAL MANAGEMENT SERVICES, LLC
>
>MERIDIAN PROFESSIONAL SERVICES, LLC
>
>UNIQUE AUTO SALON, LLC
>
>UNIQUE AUTO SALES, LLC
>
>UNIQUE LIFESTYLES, LLC
>
>UNIQUE MODELS, INC.
>
>UNIQUE MOTORSPORTS, LLC
>
>UNIQUE RECORDS
>
>POTOMAC ASSET MANAGEMENT, LLC
>
>LEMONT & SHIELDS INVESTMENTS, LLC
>
>HYDE PARK CAPITAL PARTNERS (collectively "2-Year Transfers")

32. Debtor's voluntary or involuntary transfer(s) to the Defendants set forth in Paragraph 31 constitute a "transfer" as defined in 11 U.S.C. § 101(54).

33. To the extent such additional transfers are discovered the same are incorporated as if more fully set forth herein

34. The Defendants were the initial transferees of the 2-Year transfers that were originally in the possession and control of the Debtor.

35. Upon information and belief, during the two (2) years immediately preceding the Petition Date; Defendants may have been the recipient of other transfer(s) from the Debtor (or the benefit of such transfer(s)) by cash, checks, wire transfers or other bank transfers which are also included in the 2-Year Transfers To the extent such additional transfer(s) are discovered the same

Lane & Nach, P.C.
2001 E. Campbell Avenue, Suite 103
Phoenix, AZ 85016

5

are incorporated as if more fully set forth herein

36. Debtor's voluntary or involuntary payment to the Defendants constitute a "transfer" as defined in 11 U.S.C. § 101(54).

37. The 2-Year Transfers constitute a transfer of interest of the Debtor pursuant to 11 U.S.C. § 548(a)(1).

38. Upon information and belief, the 2-Year Transfers were made with the actual intent to hinder, delay or defraud Debtor's creditors pursuant to 11 U.S.C. § 548(a)(1)(A) or the Debtor received less than a reasonably equivalent value in exchange for such transfers or obligations and (a) was insolvent on the date that such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation; (b) was engaged in business or a transaction or was about to engage in business or a transaction, for which any property remaining with the debtor was an unreasonably small capital; (c) intended to incur, or believed that the Debtor would incur, debtor that would be beyond the Debtor's ability to pay as such debts matured; or (c) made such transfer to or for the benefit of an insider, or incurred such obligation to or for the benefit of an insider, under an employment contract and not in the ordinary course of business pursuant to 11 U.S.C. § 548(a)(1)(B).

39. Upon information and belief, the 2-Year Transfer(s) were paid to or on behalf of the Defendants who were aware or should have been aware that the 2-Year Transfer(s) were ultimately made at the expense of the Debtor's other creditors including those who were so unfortunate as to make investments after the 2-Year Transfer(s) were made; the 2-Year Transfer(s) were made without regard for the status of other similar investors at a time when Defendant knew or should have known that the Debtor's cash flow was inadequate to support the 2-Year Transfer(s), and Defendant knew or should have known that the source of payment was "other people's money."

40. Pursuant to 11 U.S.C. § 550, Plaintiff is entitled to recover the property transferred or the value of such property from (1) the initial transferee of such transfer or the entity for who benefit such transfer was made, or (2) any immediate or mediate transferee of such initial transfer.

41. The avoidance of the 2-Year Transfer(s) pursuant to 11 U.S.C. § 548 is preserved for the benefit of the Estate pursuant to 11 U.S.C. §§ 550 and 551.

WHEREFORE, Plaintiff prays for judgment against Defendants, jointly and severally, as follows:

    A. That said 2-Year Transfer(s) be deemed fraudulent, and that the same be set aside and avoided, and ordering each Defendant to turnover an amount to be proven at trial, but not less than the amount set forth in paragraph 31, and for judgment in that amount.

    B. For interest on said sum from the earliest date allowed by law and until paid at the highest rate allowed by law;

    C. For Plaintiff's reasonable costs;

    D. For Plaintiff's attorneys' fees incurred herein and in the minimum amount of $1,000.00 in the event a default judgment is obtained; and

    E. For such other and further relief as this Court deems just and proper.

### COUNT TWO

**[AVOIDABLE TRANSFERS 11 U.S.C. §§ 544, 550, 551 and A.R.S. § 44-1001 et seq.]**

42. Plaintiff hereby repeats, reiterates and realleges all of the foregoing allegations as if more fully set forth herein.

43. Pursuant to 11 U.S.C. § 544(b), Plaintiff may avoid certain transfers of interests of the debtor in property or certain obligations incurred by the debtor that are voidable under applicable law.

44. Pursuant to A.R.S. § 44-1009, Plaintiff may avoid certain transfers made or obligations incurred within four (4) years of the Petition Date.

45. Upon information and belief, between January 24, 2008 and the Petition Date, the Debtor transferred not less than $2,000,000 to the following Defendants:

HERITAGE FINANCIAL MANAGEMENT SERVICES, LLC

MERIDIAN PROFESSIONAL SERVICES, LLC

    UNIQUE AUTO SALON, LLC

    UNIQUE AUTO SALES, LLC

    UNIQUE LIFESTYLES, LLC

    UNIQUE MODELS, INC.

    UNIQUE MOTORSPORTS, LLC

    UNIQUE RECORDS

    POTOMAC ASSET MANAGEMENT, LLC

    LEMONT & SHIELDS INVESTMENTS, LLC

    HYDE PARK CAPITAL PARTNERS (collectively "4-Year Transfers").

46. Upon information and belief, during the four (4) years immediately preceding the Petition Date; Defendants may have been the recipient of other transfer(s) from the Debtor (or the benefit of such transfer(s)) by cash, checks, wire transfers or other bank transfers which are also included in the 4-Year Transfers. To the extent such additional transfer(s) are discovered the same are incorporated as if more fully set forth herein.

47. The 4-Year Transfer(s) constitute a transfer of interest of the Debtor pursuant to 11 U.S.C. § 101(54) and A.R.S. § 44-1001(9).

48. Pursuant to 11 U.S.C. §544, incorporating A.R.S. §44-1001, *et. seq.* Plaintiff may avoid the 4-Year Transfer(s).

49. Upon information and belief, the 4-Year Transfer(s) were made by the Debtor to the Defendants with actual intent to hinder, delay or defraud any creditor of the Debtor pursuant to 11 U.S.C. § 544 and A.R.S. § 44-1004(1).

50. Upon information and belief, the 4-Year Transfer(s) were made by the Debtor to the Defendants without receiving reasonable equivalent value in exchange for the transfer or obligation, and the debtor either: (a) was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction; or, (b) intended to incur, or believed or reasonably should have believed that he

Lane & Nach, P.C.
2001 E. Campbell Avenue, Suite 103
Phoenix, AZ 85016

8

Case 2:14-ap-00073-GBN    Doc 4    Filed 04/02/14    Entered 04/02/14 13:20:07    Desc
Main Document    Page 8 of 10

would incur, debts beyond his ability to pay as they became due pursuant to 11 U.S.C. § 544, A.R.S. § 44-1004(2)(a-b), A.R.S. § 44-1005.

51. Pursuant to 11 U.S.C. §550, Plaintiff is entitled to recover the property transferred or the value of such property from (1) the initial transferee of such transfer or the entity for whose benefit such transfer was made, or (2) any immediate or mediate transferee of such initial transferee.

52. The avoidance of the 4-Year Transfer(s) pursuant to 11 U.S.C. § 544 and A.R.S. § 44-1001 *et. seq.* are preserved for the benefit of the Estate pursuant to 11 U.S.C. §§ 550 and 551.

WHEREFORE, Plaintiff prays for judgment against Defendants, jointly and severally, as follows:

  A. That said 4-Year Transfer(s) be deemed fraudulent, and that the same be set aside and avoided, and ordering Defendants to turnover an amount to be proven at trial, but not less than the amount(s) set forth in paragraph 45, and for judgment in that amount.

  B. For interest on said sum from the earliest date allowed by law until paid at the highest rate allowed by law;

  C. For Plaintiff's reasonable costs incurred herein;

  D. For Plaintiff's attorneys' fees incurred herein and in the minimum amount of $1,000.00 in the event a default judgment is obtained; and

  E. For such other and further relief this Court deems just and proper.

## COUNT THREE

## BREACH OF FIDUCIARY DUTY

53. Plaintiff incorporates by reference the prior allegations as if fully set forth herein.

54. As an officer of the Debtor, Defendant Tiller had fiduciary duties of care and loyalty.

55. Specifically, a director must act in good faith, with the care of a prudent person, and in the best interest of the corporation. A director must refrain from self-dealing.

56. Where the entity is insolvent or in the "vicinity" of insolvency, the director's

Lane & Nach, P.C.
2001 E. Campbell Avenue, Suite 103
Phoenix, AZ 85016

9

Case 2:14-ap-00073-GBN    Doc 4    Filed 04/02/14    Entered 04/02/14 13:20:07    Desc
Main Document    Page 9 of 10

fiduciary duties extends to the creditors of the entity.

57. Upon information and belief, Defendant Tiller violated his fiduciary duties by failing to act in good faith, by failing to act with the care of a prudent person, by failing to act in the best interest of the debtors, and by engaging in extensive self-dealing.

58. The Debtors and their creditors have been damaged by Defendant Tiller's breach of his fiduciary duties, in an amount to be proven at trial, but in no event less than $32 million.

59. Defendant Tiller and his marital community (if any) are liable for the damages set forth herein above.

WHEREFORE, Plaintiff prays for judgment against Defendant Tiller and Jane Doe Tiller, jointly and severally, as follows:

    A. For damages in an amount to be proven at trial, but in the event of default for judgment of not less than $32 million.

    B. For interest on said sum from the earliest date allowed by law until paid at the highest rate allowed by law;

    C. For Plaintiff's reasonable costs incurred herein;

    D. For Plaintiff's attorneys' fees incurred herein and in the minimum amount of $1,000.00 in the event a default judgment is obtained; and

    E. For such other and further relief this Court deems just and proper.

RESPECTFULLY SUBMITTED this 2nd day of April, 2014.

**LANE & NACH, P.C.**

By: */s/ JFN-25296*
    Adam B. Nach
    Joel F. Newell
    *Attorneys for Plaintiff, Lynton L. Kotzin of Kotzin Valuation Partners, Chapter 11 Liquidating Trustee*